**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERCAN CETINKAYA,

                                    Petitioner,

v.

PAMELA BONDI, Attorney General of the U.S., et al.,

                                    Respondents.

Case No.:  3:26-cv-01455-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court are Petitioner Ercan Cetinkaya's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Ex Parte Emergency Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  On March 24, 2026, Petitioner also filed a Supplemental Motion Regarding Respondents' Notice of Non-Opposition ("Motion to Supplement").  (Doc. 6.)  For the reasons below, the Petition is **GRANTED**.  The TRO Motion (Doc. 2) and Motion to Supplement (Doc. 6) are therefore **DENIED AS MOOT**.

## I.    BACKGROUND

Petitioner, a native and citizen of Türkiye, entered the United States on February 28, 2022, "without having been admitted or paroled after inspection by an immigration officer." (Doc. 1 ¶¶ 1, 19; *see* Doc. 1-3 at 2.)  On March 2, 2022, United States Immigration

1

and Custom Enforcement ("ICE") served Petitioner with a Notice to Appear ("NTA") charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), as a noncitizen present in the United States without being admitted or paroled.  (Doc. 1 ¶ 20; *see* Doc. 1-3 at .2)  On March 9, 2022, Petitioner was released from ICE custody on his own recognizance pursuant to Form I-220A.  (Doc. 1 ¶ 2; *see* Doc. 1-4 at 2.)

On or around February 25, 2026, ICE re-detained Petitioner "in California during an interior enforcement operation."  (Doc. 1 ¶ 21.)  "Despite his prior release and full compliance with all reporting obligations, Respondents . . . re-detained him and are treating him as subject to mandatory detention without bond eligibility."  (*Id*. ¶ 2.)  "At the time, he had a pending asylum application, no criminal history, and was residing and working within the interior of the United States."  (*Id*. ¶ 21.)  Petitioner's asylum application remains pending.  (*Id*.)  Petitioner is currently detained at the Imperial Regional Adult Detention Facility.  (*Id*. ¶ 6.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner claims his "continued detention without an individualized custody determination violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment, as well as binding agency regulations."  (Doc. 1 ¶ 4.)  Specifically,

3:26-cv-01455-RBM-SBC

Petitioner "challenges Respondents' assertion that he is subject to mandatory detention under 8 U.S.C. § 1225(b)." (*Id*. ¶¶ 1, 24.) Respondents "submit[ted] their Notice of Non-Opposition to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." (Doc. 5 at 1.)

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that "Petitioner is subject to the discretionary detention procedures under 8 U.S.C. § 1226 and his detention without a bond hearing violates the Due Process Clause." *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Rodriguez v. LaRose*, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3456475, *3–5 (S.D. Cal. Dec. 2, 2025). In *Faizyan*, the Court held a similarly situated petitioner was detained pursuant to § 1226 because he had been previously released from ICE custody on his own recognizance and he was not "seeking admission" at the time of his re-detention. 2025 WL 3208844, at *5–6; *see Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *J.S.H.M v. Wofford*, Case No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025) (recognizing that the term "released on their own recognizance" typically refers to conditional parole). The Court then applied the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and concluded that "due process requires Petitioner to be released from custody and receive a bond hearing before an immigration judge before he can be re-detained." *Faizyan*, 2025 WL 3208844, at *7; *see Xie v. LaRose*, Case No.: 3:25-cv-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026).

In this case, Petitioner was previously released from ICE custody on his own recognizance and lived in the United States for over three years before he was re-detained. (*See* Doc. 1 ¶¶ 2–4, 19–21.) And the record before the Court contains no evidence that Petitioner has a criminal history, poses a danger to the community, or presents a flight risk. The Court therefore adopts its reasoning from *Faizyan* and makes the same findings

3:26-cv-01455-RBM-SBC

here. For those same reasons, the Court finds that: (1) Petitioner is detained under 8 U.S.C. § 1226(a); and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violates his due process rights and renders his detention unlawful. *See also C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where the petitioner was originally released on an order of release on recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring hearing before detention). Accordingly, the Petition is **GRANTED**.[1]

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting Order of Release on Own Recognizance.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

4. The Motion to Supplement (Doc. 6) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: April 15, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-01455-RBM-SBC